ORMA DJ-103
REV. 8/60
CARPETA PARA CERTIFICACION
J.9-60-07-109-25,000-H-Jul.95-IGPR

Ctrl. 545/07

Estado Libre Asociado de Puerto Rico
DEPARTAMENTO DE JUSTICIA
Registro de la Propiedad
Sección II de Ponce

# CERTIFICACION

relativa a la finca número 6,188

inscrita al folio 82 del tomo 178

de Guayanilla

Expedida el 10 de mayo de 2007

A instancia de Aixa I. Meléndez



CONTROL: 545 / 2007

## DEPARTAMENTO DE JUSTICIA
## REGISTRO DE LA PROPIEDAD
## SECCIÓN II DE PONCE

Lcda. MADELEINE VELASCO ALVARADO
Registradora de la Propiedad
Sección II de Ponce
PO Box 332151
Ponce, Puerto Rico 00733-2151

Fecha: 9 / mayo / 2007

Estimada Registradora:
　　Por la presente solicito:

◇ **Certificación Registral**　　　　◇ **Fotocopiada**

| FINCA | TOMO | FOLIO | MUNICIPIO |
|---|---|---|---|
| 4188 | 178 | 82 | Guayanilla |

En cuanto a los siguientes extremos:

◇ LITERAL
　　◇ Todas las inscripciones
　　◇ Todas las inscripciones y con referencia donde resulta la descripción de la finca, el dueño actual y las cargas.

◇ EN RELACIÓN
　　◇ Con referencia al dueño actual, cargas y gravámenes.

◇ PARCIALES　　　　◇ Art. 20.1 Reglamento Hipotecario

　　◇ En cuanto a los folios _____ del (los) tomos (s) _____
　　◇ En cuanto a las inscripciones _____
　　◇ Todas las inscripciones
　　◇ Desglose de segregaciones

◇ SOLICITO ADEMÁS:
　　◇ Se incluya la búsqueda de los Libros Auxiliares y la Bitácora.
　　◇ No se incluya la búsqueda de los Libros Auxiliares, ni la Bitácora.

◇ OTROS LIBROS: Tomo_____ Folio_____ Asiento o Núm. de Orden_____
　　◇ Diario de Presentación　　　　◇ Registros de Embargos a favor de E.U.A
　　◇ Registro de Embargos del E.L.A.　◇ Registros de Sentencias
　　◇ Registro de Hipotecas de Bienes Muebles　◇ Registros de Contratos de Refacción
　　◇ Registro de Contratos Agrícolas　　Industrial y Comercial

◇ NEGATIVAS
　　◇ Para expediente de Dominio (Debe acompañar Petición)
　　◇ Para certificar parcela no inscrita: Núm de PARCELA O
　　SOLAR_____ de la comunidad _____ Finca Principal
　　Núm_____ inscrita al folio_____ del tomo_____ de

　　◇ Para certificar que la(s) persona(s) mencionada(s) en la solicitud no poseen propiedad alguna en el Pueblo de _____

◇ ACTUALIZACIÓN DE CERTIFICACIÓN (Debe acompañar la certificación en original)

COMPROBANTE POR: $ 6.00　　Núm. 0047-49ACBD7B

Aixa I. Meléndez (Nilda Piñeiro)　　467-4316
　　　　NOMBRE DEL PETICIONARIO　　　510-5761
　　　　　　　　　　　　　　　　　　　　　TELEFONO

P.O. Box 141725, Arecibo, P.R. 00614-1725
　　　　　　DIRECCIÓN POSTAL

**REGISTRO DE LA PROPIEDAD**
**SECCION SEGUNDA DE PONCE**

**CERTIFICACION**
**CONTROL: 545/07**

---

**FINCA DE GUAYANILLA Nº: 6,188**

**DATOS DE LA FINCA**

**PARCELA A: URBANA**: Parcela de terreno radicada en el **Barrio Jaguas** del término municipal de Guayanilla, Puerto Rico, con una cabida de **Cero Punto Cinco Mil Seiscientas Dos (0.5602) Cuerda**, equivalente a **Dos Mil Doscientos Uno Punto Seis Mil Novecientos Veintiseis (2,201.6926) Metros Cuadrados.** En lindes: por el **Norte**, con la finca principal de la cual se segrega; por el **Sur**, con la intersección de la Avenida Pedro Albizu Campos y la carretera estatal número 127 y con la parcela B a ser dedicada a uso público; por el **Este**, con la Avenida Pedro Albizu Campos y por el **Oeste**, con la finca principal de la cual se segrega.

--- Se segrega de la finca número 2,520, inscrita al folio 186 del tomo 110 de Guayanilla.

**TITULARIDAD**

**ELLIOT GIRAUD PIÑEIRO** y su esposa **ASTRID DONATE HERNÁNDEZ**, ambos mayores de edad, propietarios y vecinos de Arecibo, con CARACTER GANANCIAL, son titulares del pleno dominio de **la totalidad** de esta finca, adquirida por concepto de segregación, con un valor de $55,000.00, según la inscripción 1ª, de fecha 23 de julio de 1996, al folio 81 del tomo 178 del término municipal de Guayanilla, y en virtud de la escritura #52, otorgada en San Juan, ante el notario RAUL J. VILA SELLES, el 3 de julio de 1996.

**CARGAS**

----POR SU PROCEDENCIA: Se halla afecta a

Servidumbre de paso y de acueducto a favor de la finca número 2520 cedida al Municipio de Guayanilla.

---POR SI: Se halla afecta a:

- ARRENDAMIENTO:
Según la inscripción 2ª, de fecha 29 de julio de 1996, al folio 83 del tomo 178 del término municipal de Guayanilla, y a virtud de la escritura #54, otorgada en San Juan, el 3 de julio de 1996, ante el notario Raúl J. Vilá Sellés, ha sido anotado derecho de arrendamiento sobre esta finca a favor de Golden Arch Development Corporation, por el término que comienza el 25 de marzo de 1996 y termina 20 años a la fecha en la cual se abra al público el Restaurante McDonald's, al que se refiere el contrato, con una opción de prórroga de dos términos adicionales de 5 años cada uno. El cánon estipulado es: por los primeros 60 meses: $3,000.00 mensuales; por los próximos 60 meses: $3,450.00 mensuales; por los

CERTIFICACIÓN DE LA FINCA DE GUAYANIL NÚM: 6188          Pág: 1

próximos 60 meses: $3,967.50 mensuales; por el resto del término: $4,562.63 mensuales. En caso de que el Arrendatario ejerza la opción para extender el contrato, el Arrendatario pagará al Arrendador un cánon de $5247.02 durante los primeros 5 años; $6,034.08 durante el segundo término de opción de 5 años.

CONDICIONES: Sujeto dicho contrato a las condiciones que se relacionan en dicha inscripción 2ª, de entre las que se encuentran las siguientes: "(a) <u>Derecho de Primera Opción para arrendar</u>: Si en cualquier momento durante la vigencia de este contrato de arrendamiento o 90 días luego de la expiración del término de este contrato o de sus prórrogas, el Arrendador desea aceptar una oferta de buena fe para arrendar el inmueble arrendado por un término a partir de o con posterioridad al vencimiento del término de este contrato de arrendamiento o si el arrendatario tiene una opción para extender este término bajo el Artículo 13 de este contrato, en o después de la expiración de las extensiones, el Arrendador notificará al Arrendatario de dicha oferta en la manera prevista en este contrato de arrendamiento para cursar notificaciones y el Arrendatario tendrá el derecho de arrendar nuevamente el inmueble arrendado en los términos y condiciones de dicha oferta, notificando por escrito al Arrendador su opción de hacerlo dentro de los 30 días de recibida la notificación del Arrendador. En el caso de que el Arrendatario no notifique al Arrendador su opción dentro del plazo de los 30 días, el Arrendador tendrá derecho a arrendar el inmueble arrendado a cualquier persona en los términos y condiciones contenidas en la notificación al Arrendatario. La aceptación o rechazo de esta oferta no tendrá ningún efecto en la opción del Arrendatario para comprar o la opción para extender, si alguna. (b) <u>Derecho de Primera Opción de Comprar:</u> Se conviene asimismo que en el caso de que el Arrendador, o herederos, albaceas, sucesores o cesionarios del Arrendador, en cualquier momento durante la vigencia de este contrato de Arrendamiento o de sus prórrogas, reciba una oferta para comprar el Inmueble Arrendado o cualquier parte del mismo, y el Arrendador desee aceptar dicha oferta, o si el Arrendador, durante dicho plazo ofrece vender el inmueble arrendado o cualquier parte del mismo, o transferir sus intereses en el inmueble arrendado o una parte del mismo a un fideicomiso, el Arrendador notificará dicha oferta al Arrendatario por escrito, con 30 días de antelación, indicando el nombre y dirección del comprador que hace la oferta, con copia certificada de todos los documentos, el importe del precio de compra ofrecido y todos los demás términos y condiciones de dicha oferta; y el Arrendatario tendrá la primera opción de comprar el inmueble arrendado o el interés objeto de la oferta, notificando por escrito al Arrendador su intención de comprar dentro de un plazo de 30 días al mismo precio y en los mismos términos y condiciones de dicha oferta, entendiéndose que en el caso de que el Arrendatario no notifique su intención de ejercer la opción de compra dentro de dicho plazo, este contrato de arrendamiento y todos sus términos y condiciones permanencerán, no obstante, vigentes y en vigor; y el Arrendador y cualquier comprador o compradores del inmueble arrendado estarán obligados por el mismo. Para fines de esta disposición, una oferta de venta incluirá cualquier asignación de interés si el inmueble arrendado queda en un fideicomiso. Se venda o no el inmueble arrendado que se establece en la oferta, el arrendatario tendrá siempre, en las mismas condiciones y notificación, la primera opción para comprar el inmueble arrendado, cualquier interés o cualquier parte del mismo en los términos de cualquier oferta u ofertas subsiguientes de compra. Si se ejerce cualquiera de las opciones precedentes, el Arrendador traspasará título negociable y asegurable de dominio pleno sobre el bien inmueble o traspasará el interés en un fideicomiso mediante escritura pública, con exención de bienes dotales, derecho de hogar seguro y otros derechos de los respectivos esposos, si los hubiere, y libre de todo gravámen. Si luego de un buen esfuerzo, el Arrendador no es capaz de transferir un título absoluto de dominio del inmueble arrendado, según requerido en este contrato, el Arrendatario, a su sola opción, continuará ocupando el inmueble arrendado conforme a los términos de este contrato o dará por terminado el mismo. En la eventualidad de que surja algún conflicto entre los términos de este contrato relacionados con el derecho a primera opción de compra y los términos contenidos en la oferta que el Arrendatario deba aceptar si el Arrendatario decide comprar el inmueble arrendado, entonces los términos de este contrato de arrendamiento controlarán e irán sobre aquellos de la oferta".

- ANOTACIÓN DE CONFISCACION:

Según la 1ª nota practicada al margen de la inscripción 1ª, de fecha 12 de julio de 2002, al folio 81 del tomo 178 del término municipal de Guayanilla, y mediante Orden de Aviso Preventivo de Confiscación, en el caso criminal número 99-125 (JAF), seguido en la Corte Federal, Distrito de Puerto Rico por Estados Unidos de América, como demandante, versus Elliot Giraud Piñeiro y su esposa Astrid Donate Hernández, como demandados, fechada 6 de mayo de 1999, dictada por el Juez de Distrito de los Estados Unidos cuya firma es ilegible y certificada por la Secretaria de dicha Corte, Frances Ríos de Morán en esa misma fecha; se ordena la anotación de dicho aviso para el caso criminal antes relacionado de acuerdo con los Artículos 21 U.S.C. 853 y/o 18 U.S.C. 982. Consta archivada en el legajo de documentos judiciales de 2002 bajo el #162.

**CERTIFICACIÓN DE LA FINCA DE GUAYANIL NÚM: 6188**    Pág: 2



- ANOTACIÓN DE CONFISCACION:

Según la 2ª nota practicada al margen de la inscripción 1ª, de fecha 12 de julio de 2002, al folio 82 del tomo 178 del término municipal de Guayanilla, y mediante Orden de Confiscación contra esta finca, en el criminal número 99-125 (JAF), seguido por la Corte Federal, Distrito de Puerto Rico por Estados Unidos de América, como demandante, versus Elliot Giraud Piñeiro, como demandado, fechada 5 de junio de 2000, dictada por el Juez de Distrito José A. Fuster, certificada por Frances Ríos Morán, Secretaria de dicha Corte; en la cual se ordena, adjudica y decreta llevarse a cabo las claúsulas y condiciones que se redactan en el idioma inglés y que literalmente se transcriben a continuación: "(2) That the aforementioned forfeited properties are to be held by the US Marshall Service in their secure custody and control. (3) That pursuant to 18 U.S.C. 982 (b) (1) (A) refering to 21 U.S.C. 853 the US forwith shall public 3 times for 3 consecutive weeks notice of this Order of the U.S. Marshals Service intent to dispose of the property in such manner as the Attorney General may direct and notice that any person, other than the defendants, having or claming a legal interest in the above-listed forfeited property must file a petition with the court 30 days of the publication of notice or of receipt of actual notice, whichever is earlier. (4) This notice shall state that the petition shall be for a hearing to adjudicate the validity of the petitioner's alleged interest in the property, shall be signed by the petitioner under penalty or perjury, and shall set forth the nature and existent of the petitioner's right title or interest in each of the forfeited property and any additional facts supporting the petitioner's claim and the relief sought. (5) The United States may also extend practicable, provide direct written notice to any person known to have alleged and interest in the property that is the subject of the Order of Forfeiture, as a substitute for published notice as to those person so notified". Consta archivada en el legajo de documentos judiciales de 2002 bajo el #163.

*Documentos relativos a la finca presentados y pendientes de despacho, vigente el asiento de presentación, al cierre del Libro Diario del dia anterior a la fecha de expedición de la presente nota:*

NO hay documentos pendientes de despacho

---Y no apareciendo de los índices de los Registros de Embargos a favor del Estado Libre Asociado de Puerto Rico, Gravámenes por Contribuciones a favor de Estados Unidos de América, Sentencias e Incapacitados, expido la presente que firmo, sello y rubrico en Ponce, Puerto Rico siendo las 8:14 A.M.

Ponce, a 10 de mayo de 2007

Derechos: $6.00
Comprobante: 0047-49ACBD7B-$6.00

Ldo. Ariel Colón Clavell
Registrador de la Propiedad
Sección II de Ponce

